IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEELWORKERS PENSION TRUST, by ) <br> DANIEL A. BOSH, CHAIRMAN, ) <br> Plaintiff, ) <br> ) <br> vs ) <br> ) <br> THE RENCO GROUP, INC., et al., ) <br> Defendants. ) | Civil Action No. 18-142 <br> Judge Bissoon <br> Magistrate Judge Dodge |

## **MEMORANDUM ORDER**

On September 30, 2019, the Court issued a Memorandum and Order (ECF No. 89) granting Plaintiff's motion for summary judgment in part, and an order (ECF No. 90) entering judgment in Plaintiff's favor in the amount of $17,774,771.00 in interest, attorney's fees and costs. Both Plaintiff and Defendants have taken appeals. (ECF Nos. 91 and 92). Plaintiff's appeal is limited to the appropriate interest rate to which it claims to be entitled; specifically, it seeks the application of a higher interest rate than that applied by the Court, which would result, if it is successful, in an increase in the amount of the judgment in its favor. Defendants have not, to date, sought to post a bond with respect to the monetary judgment entered against them.

On December 5, 2019, at Plaintiff's request, the Clerk of Court issued a writ of execution (ECF 99) and appointed a process server with respect to the execution (ECF No. 100). Shortly thereafter, Defendants filed an Emergency Motion to Stay Execution of the Judgment (ECF No. 101). The Court subsequently entered an order (ECF No. 102) temporarily staying execution of the judgment; this order was subsequently modified after a conference with the parties.[1] Plaintiff opposes the stay sought in Defendants' emergency motion (ECF No. 107).

---

[1] While a stay normally is obtained only after adequate security is provided and approved, the Court granted Defendants' Emergency Motion after the writ of execution was issued because Defendants contended that that execution on a judgment cannot proceed during the pendency of an appeal by the prevailing party.

Defendants contend that Plaintiff cannot execute on the judgment because Plaintiff, the prevailing party, took an appeal to the Third Circuit Court of Appeals. In support of their position, they rely upon *Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986), in which the Court of Appeals for the Fourth Circuit held that "where the prevailing party in the lower court appeals from court's judgment, the appeal suspends the execution of the decree." The Fourth Circuit cited as support for its position a United States Supreme Court case decided in 1863. *See Bronson v. La Crosse & Milwaukee R.R. Co.*, 68 U.S. 405, 409-10 (1863).

As Defendants acknowledge, however, there is a split of authority on this issue. The majority of circuits and district courts have rejected the holding in *Tennessee Valley* except when the prevailing party is challenging the underlying judgment itself. They hold that a party who seeks on appeal merely to increase the amount of a judgment is not precluded from executing on the judgment during the pendency of the appeal. *See Carter v. United States*, 333 F.3d 791, 793 (7th Cir. 2003); *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1999); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 1997 WL 306956, at *2 (Fed. Cir. Feb. 7, 1997); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990); *United States ex rel. Gonter v. General Dynamics Marine Sys. Div. Elec. Boat*, 2006 WL 3783140, at *2 (N.D. Ohio Dec. 21, 2006).

Although the Court of Appeals for the Third Circuit has not addressed this issue, many district courts within the Circuit have reached the same result. *See Nat'l Sec. Sys., Inc. v. Iola*, 2011 WL 94194, at *1 (D.N.J. Jan. 11, 2011); *Fonda Group, Inc. v. Scott Paper Co.*, 954 F. Supp. 123, 124 (E.D. Pa. 1997). *But see Sealover v. Carey Canada*, 806 F. Supp. 59, 61-62 (M.D. Pa. 1992) (following *Tennessee Valley*).

Rule 62(b) of the Federal Rules of Civil Procedure provides that:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). Notably, Rule 62 makes no distinction regarding whether an appeal was taken by the prevailing or losing party, or which party's appeal occurred first. Rather, its language clearly and unequivocally states that if a party seeks a stay at any time after a judgment is entered, it may do so by providing a bond or other security. As the Seventh Circuit Court of Appeals has observed: "[Rule 62] requires a bond as a condition of the stay of a money judgment during an appeal. There are some automatic exceptions … but an appeal by the victor is not among them." *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992). *See also Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 1996 WL 22794, at *2 (S.D.N.Y. Jan. 23, 1996).

Defendants also cite to additional case law in support of their position that they should not have to post a bond and contend that, contrary to the holding in *BASF*, Rule 62 does not mandate that a party seeking a stay must post a bond in every case.[2] However, in a decision on which Defendants rely, *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008), the district court held only that it has inherent authority to grant a stay without the requirement of a bond.[3]

---

[2] Indeed, it is undisputed that Rule 62 does not require a bond in certain circumstances, such as an appeal by the United States. *See* Fed. R. Civ. P. 62(e) and (f).

[3] In their reply brief (ECF No. 110), Defendants also attempt to rely upon the "*Bronson* exception," referencing the Supreme Court's 1863 opinion The Federal Rules of Civil Procedure, which were adopted in 1937 by the Supreme Court and modified multiple times thereafter, include no such exception in Rule 62 despite carving out other exceptions. Moreover, the Fourth Circuit interpreted *Bronson* much more expansively than other courts who have analyzed it.

Defendants contend that "the law is not a head-counting contest." The Court agrees; however, it is not the number of cases cited in support of Plaintiff's position but the reasoning which forms the basis for those decisions that is persuasive. In Plaintiff's appeal, it argues that it is entitled to a higher interest rate than the rate applied by the Court; in other words, it seeks an increase in the amount of the judgment but is not contesting the judgment itself. Simply put, execution is not inconsistent with the position that Plaintiff takes on appeal.

Although the Court may have the inherent authority to exempt Defendants from the requirement to post a bond or other security, they have not provided a compelling reason to do so, particularly when they acknowledge that they have the ability to post adequate security. Unless and until Defendants provide a bond that is approved by the Court, there is no stay of execution proceedings.

Therefore, this 13th day of December, 2019, it is hereby ORDERED that Defendants' Emergency Motion to Stay Execution of the Judgment (ECF No. 101) is denied without prejudice to seek a stay pursuant to Fed. R. Civ. P. 62(b). In order to provide adequate time for Defendants to obtain a bond, if they choose to do so, and to seek the Court's approval, the temporary stay will remain in place through Wednesday, December 18, 2019.

BY THE COURT:

s/Patricia L. Dodge_____
Patricia L. Dodge
United States Magistrate Judge